No. 12,946.

HERMAN ROEHL vs. T. C. PORTEOUS.

SYLLABUS.

Where two persons engage in a real estate speculation, paying in cash a small part of the purchase price and giving notes purporting a solidary obligation for the remainder, and the venture proves unprofitable, the property is sold under foreclosure of mortgage for less than the sum due on the notes, and one of the joint purchasers pays the balance left over, the other is liable to him for his just share of the loss.

APPEAL from the Civil District Court for the parish of Orleans. Monroe, J.

Buck, Walshe & Buck for the plaintiff and Appellee.

Omer Villere for the Defendant and Appellant.

Submitted on brief March 7, 1899.
Opinion handed down June 19, 1899.

The opinion of the court was delivered by

BLANCHARD, J.   Plaintiff sues for $3156.22 on the following state of facts:

In 1892 defendant and himself engaged in the purchase of certain real estate on joint account in the City of Birmingham, Alabama, from the Elyton Land Company. The price of the property so purchased was $10,000. Of this sum $2000 was paid in cash, each of the purchasers contributing $1000. For the remainder notes purporting a solidary obligation on part of the makers thereof were given, secured by mortgage upon the property purchased. Defendant failed to meet these notes or any part of same, principal or interest, and failed to meet or pay new notes or any part thereof, with interest coupons, given in renewal of the first series of notes. The venture was a speculation in real estate which turned out disastrously. The property declined in value, and was sold at public sale under foreclosure of the mortgage for a price much less than the amount of the notes.

Being liable for the full amount of the notes and unable to induce defendant to pay his part of the same, plaintiff paid the balance due,

principal and interest, and holds defendant liable to him for one-half of the net loss of the venture, which is averred to be the amount herein claimed.

An exception of vagueness directed against the petition having been overruled, defendant answered with a general denial.

At the trial which followed, the court a qua rejected the demand of plaintiff and he appealed. This was in January, 1895. In December, 1895, this court handed down its decision on the then appeal. See 47 La. Ann. 1583.

For the reasons there assigned, the judgment was reversed and the case remanded. The purpose in remanding was to allow plaintiff to make proof on certain points indicated in the opinion.

It was tried anew in June, 1898, the additional evidence, to allow opportunity for the introduction of which the case was remanded as above set forth, was offered, as well as other testimony establishing plaintiff's demand, and judgment followed in his favor for the full amount claimed.

Defendant appeals.

The case was submitted here without oral argument and no brief as to this appeal on behalf of defendant is filed. Neither have we been favored with any assignment of errors showing wherein the judgment appealed from is contrary to the law, or in conflict with the evidence adduced.

Our reading of the testimony and appreciation of the law applicable to the case serves to convince us of the correctness of the judgment, and, accordingly, the same is affirmed.

MONROE, J., recused.